UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHAY'LA PORTER-BRAWNER, et al,

    Plaintiffs,

 v.              Case No. 24-cv-1186-bhl

CITY OF BELOIT, et al

    Defendants.

## SCREENING ORDER

    On September 17, 2024, Shay'la Porter-Brawner,[1] proceeding *pro se*, filed a complaint against the City of Beloit, its police department, Waukesha County Jail, Rock County Counsel, Officer Munoz, Sheka Perry, and Shannon Sanders. (ECF No. 1.) That same day, she also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.) The Court has authority to allow a litigant to proceed IFP if it determines that (1) the litigant is unable to pay the costs of commencing the action and (2) the action is not frivolous, does not fail to state a claim, and is not brought against an immune defendant. *Cf.* 28 U.S.C. § 1915(a)(1), (e)(2). This is Porter-Brawner's second attempt at a federal lawsuit and, like her prior effort, her complaint is frivolous and will be dismissed. The Court warns Porter-Brawner against filing further meritless lawsuits; if this continues, she may be subject to financial sanctions.

### THE MOVANT'S INDIGENCY

    Porter-Brawner indicates that she is not employed but receives $1,058 monthly in disability income. (ECF No. 2 at 1–2.) She is unmarried and provides "100%" financial support for her minor child and grandchild. (*Id.* at 1.) Porter-Brawner's accounting of her expenses is confusing. She lists monthly expenses of $1,000 for taxes, $330 in credit card payments, $200 for utilities,

---

[1] The complaint also lists KeVona Porter and Annalisia Collins as plaintiffs, but only Porter-Brawner signed the complaint and her accompanying motion for leave to proceed without prepayment of the filing fee lists only Porter-Brawner as plaintiff. (*See* ECF No. 1 at 22; ECF No. 2 at 1.) Federal Rule of Civil Procedure 11(a) requires that every pleading, motion, and other paper be signed by each party personally if the party is representing himself. Because the Court concludes the complaint is frivolous, it will not require the other named plaintiffs to submit signed copies of the complaint in compliance with Rule 11.

$238 for insurance and both $500 and $300 or more for food, but then lists her total monthly expenses as only $650 or more. (*Id.* at 2–3.) Porter-Brawner indicates that she has no assets of any kind. While her assertions are not entirely clear, she has sworn to facts establishing sufficiently limited income and assets to warrant a fee waiver.

## SCREENING THE COMPLAINT

In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS OF THE COMPLAINT

Porter-Brawner's complaint is difficult to follow. Like her prior complaint, her latest pleading consists of disconnected complaints about a series of unrelated events. She suggests that Defendant Officer Munoz attempted to buy her home for $60,000 using a "fake realtor company"

called Buying America. (ECF No. 1 at 2.) She alleges that this contract was voided, and two weeks later a warrant was issued for her arrest for disorderly conduct, with the charges then increased to assault after Porter-Brawner discovered that it was Officer Munoz attempting to buy her home. (*Id.*) She alleges that an illegal lien was put on her home, that she was sent a letter laced with fentanyl, and that she was harassed by the police. (*Id.*) She also refers to a "catch and kill order," her having found a "dead body using pokemon app in USA today," someone "trying to set" her up for a "staged school shooting in Wa[u]kesha with the air rifle like the one [she] was training with," and her having contacted the White House in 2016 after she "found dead black people." (*Id.* at 4, 7, 18.) She was apparently placed into protective custody and then joined the Black Panthers to protect herself from Wisconsin and Rockford, Illinois police officers. (*Id.* at 17–18.) Porter-Brawner seeks damages against Rock County, Beloit, and Waukesha County totaling $32 million for "unlawful arrest, illegal search, police harassment, [and] trying to steal [her] name." (*Id.* at 19.) Porter-Brawner also requests $1.3 million from "city who tried to steal [her] home," $2.5 million "for daughter who has been terrorized by city employees," and $1.1 million from the State of Wisconsin "for allowing this to occur." (*Id.* at 21.)

## ANALYSIS

Porter-Brawner's complaint largely repeats the same allegations of her prior case, which the Court dismissed as frivolous. (*See* Case No. 23-cv-1666-bhl, ECF Nos. 1 & 6.) In fact, more than half the pages of her current complaint are exact copies of her previous filing. (*Compare* ECF No. 1 at 8–20 *with* Case No. 23-cv-1666-bhl, ECF No. 1 at 3–14.) As the Court explained to Porter-Brawner in dismissing her first case, the law requires the Court to dismiss a complaint that is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). "A frivolous complaint is one in which 'the petitioner can make no rational argument in law or facts to support his or her claim for relief.'" *Williams v. Faulkner*, 837 F.2d 304, 306 (7th Cir. 1988) (quoting *Jones v. Morris*, 777 F.2d 1277, 1279–80 (7th Cir. 1985)). Rational arguments in support of a claim for relief are impossible where "the plaintiff's allegations are so 'fanciful,' 'fantastic,' and 'delusional' as to be 'wholly incredible.'" *Bussie v. Attorney General*, Nos. 13-cv-476-wmc, 13-cv-477-wmc, 2013 WL 3934179, at *2 (W.D. Wis. July 30, 2013) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)). While *pro se* pleadings are held to less stringent standards than those drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), not even excessively liberal construction rescues complaints that are frivolous or fail to state a claim. *See Denton*, 504 U.S. at 33.

Porter-Brawner's current complaint presents allegations that are similarly incredible (and largely identical) to those in her first suit. She appears to be alleging some manner of wide-ranging conspiracy, spanning many years, involving multiple states and police departments. And it remains "apparent from a reading of the complaint that there is no need to await the [defendants'] answer or motion to dismiss . . . to determine that the case is going nowhere," thus making Porter-Brawner's suit frivolous. *Carter v. Homeward Residential, Inc.*, 794 F.3d 806, 807 (7th Cir. 2015). As such, the Court will dismiss the case under 28 U.S.C. § 1915(e)(2)(B)(i).

Because Porter-Brawner's claims are facially incredible, granting leave to amend would be futile. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) ("Leave to amend need not be granted, however, if it is clear that any amendment would be futile."). Porter-Brawner is also warned that if she continues to file meritless lawsuits, she may be subject to financial sanctions from the Court.

Accordingly,

**IT IS HEREBY ORDERED** that Porter-Brawner's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Porter-Brawner's complaint, ECF No. 1, is **DISMISSED with prejudice** as frivolous. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on October 4, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge